UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MELVIN MOUZON,**

    **Plaintiff,**

**v.**

    CASE NO.:

    DIVISION:

**THE AMERICAN BOTTLING COMPANY,**

    **Defendant.**
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

    Plaintiff, Melvin Mouzon, by and through undersigned counsel, brings this action against Defendant, The American Bottling Company, and in support of his claims states as follows:

**JURISDICTION AND VENUE**

    1.    This is an action for damages for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e et seq., and for violations of the Florida Civil Rights Act, ("FCRA"), Fla. Stat. § 760.01 et seq.

    2.    Venue is proper in this district, because Defendant operates its business in this district and all of the events giving rise to these claims occurred in this district.

**PARTIES**

    3.    Plaintiff is a resident of Pasco County, Florida.

    4.    Defendant operates a bottling company in Pasco County which is in this district.

**GENERAL ALLEGATIONS**

    5.    Plaintiff has satisfied all conditions precedent, or they have been waived.

    6.    Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

7. Plaintiff requests a jury trial for all issues so triable.

8. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Title VII and the FCRA.

9. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of Title VII and the FCRA.

## FACTS

10. Plaintiff was employed by Defendant from November 2012 to January 2019 as a District Manager.

11. Plaintiff is African-American.

12. Thus, Plaintiff is a member of a protected class, and on account of his protected status, Plaintiff benefits from the protections of Title VII.

13. Plaintiff performed the job for which he was hired in a satisfactory manner.

14. Plaintiff experienced racial discrimination from his immediate supervisor, Tony Lehman ("Lehman").

15. Lehman would treat the African-American employees differently than the Caucasian employees.

16. For example, Lehman would routinely short Plaintiff's staff allegedly due to budgeting woes but would not short the Caucasian district managers' staff.

17. Lehman required the African-American employees to attend to delivery issues immediately but would afford greater time for responses from Caucasian employees.

18. In January 2019, Lehman afforded a Caucasian employee a strict Monday through Friday schedule but required an African-American employee to work weekends even though they held the same position.

19. When a Caucasian employee complained about the safety of a store, Lehman told the employee to not go there anymore and instead instructed an African-American employee to go to the store to fix its problems.

20. Lehman also harassed a Latino, and non-white, employee after he requested time off for an injury, so much so that the employee resigned.

21. Lehman would generally berate and yell at African-American employees but would be respectful to the Caucasian employees. For instance, when a Caucasian employee resigned, Lehman brought the employee to lunch and gave him extra paid time off, whereas no such outreach was made to an African-American employee that resigned who had been with the company for over seven years.

22. The other non-white employees discussed the harassment and discrimination from Lehman with Plaintiff.

23. On or about October 18, 2018, Plaintiff went to Lehman to discuss the racial discrimination felt by Plaintiff and the other non-white employees.

24. Lehman, however, did not deal with Plaintiff's, or the other employees' concerns, and instead instructed Plaintiff to follow him into another office and proceeded to yell at and berate Plaintiff.

25. On or about November 1, 2018, Lehman gave to Plaintiff a "letter of expectations" even though Plaintiff remained in the top five (5) of his counterparts.

26. Lehman's discrimination towards non-white employees continued after Plaintiff's October complaint to him.

27. On or about December 27, 2018, Plaintiff made a formal complaint to Defendant's Human Resources about Lehman's ongoing discrimination and retaliation with the "letter of expectations."

28. Also, on or about December 28, 2018, Plaintiff made a formal complaint about Lehman's ongoing discrimination and retaliation to Lehman's boss, David Lorenzo.

29. Thus, Plaintiff was subjected to discrimination on the basis of his race and color.

30. Plaintiff complained about this disparate treatment to Defendant by reporting the discrimination to two supervisors, Tony Lehman and David Lorenzo, as well as to Defendant's Human Resources.

31. Defendant failed to take any remedial action in response to Plaintiff's complaint of racial discrimination to himself and other non-white employees by Lehman.

32. On or about January 22, 2019, only two months since Plaint, Defendant retaliated against Plaintiff for invoking his rights under Title VII by terminating Plaintiff's employment.

## COUNT I – TITLE VII VIOLATION
### (RACE DISCRIMINATION)

33. Plaintiff realleges and readopts the allegations of paragraphs 1 through 32 of this Complaint, as though fully set forth herein.

34. Plaintiff is a member of a protected class under Title VII.

35. Plaintiff was subjected to disparate treatment on the basis of his race, including shorting Plaintiff's staff, making African-American employees work weekends and at stores deemed to be too unsafe for white employees, and giving Plaintiff a "letter of expectations" only two weeks after first reporting the discrimination and by terminating him only two months after his reports of discrimination.

36. Defendant knew or should have known of the disparate treatment suffered by Plaintiff, and failed to intervene or to take prompt and effective remedial action in response.

37. Defendant's actions were willful and done with malice.

38. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue and that this Court take jurisdiction over the case;

    c) An injunction restraining continued violation of Title VII by Defendant;

    d) Compensation for lost wages, benefits, and other remuneration;

    e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

    f) Any other compensatory damages, including emotional distress, allowable at law;

    g) Punitive damages;

    h) Prejudgment interest on all monetary recovery obtained.

    i) All costs and attorney's fees incurred in prosecuting these claims; and

    j) For such further relief as this Court deems just and equitable.

## COUNT II – TITLE VII RETALIATION

39. Plaintiff realleges and readopts the allegations of paragraphs 1 through 32 of this Complaint, as though fully set forth herein.

40. Plaintiff is a member of a protected class under Title VII, as were the African-American employees for which Plaintiff opposed Lehman's racial discrimination.

41. Plaintiff exercised or attempted to exercise his rights under Title VII, by reporting the racial discrimination from Lehman towards himself as well as other African-American employees, thereby engaging in protected activity under Title VII.

42. Defendant retaliated against Plaintiff for engaging in protected activity under Title VII by giving Plaintiff a "letter of expectations" only two weeks after first reporting the discrimination and terminating him only on month after his subsequent reports of continuing discrimination.

43. Defendant's actions were willful and done with malice.

44. In giving Plaintiff a "letter of expectations" only two weeks after first reporting the discrimination and terminating him only one month after his subsequent reports of discrimination, Defendant took material adverse action against Plaintiff.

45. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

    a)    A jury trial on all issues so triable;

    b)    That process issue and that this Court take jurisdiction over the case;

    c)    That this Court enter a declaratory judgment, stating that Defendant retaliated against Plaintiff for exercising his rights under Title VII;

    d)    That this Court enter an injunction restraining continued violation of Title VII by Defendant;

    e)    Compensation for lost wages, benefits, and other remuneration;

    f)    Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, seniority rights, and all fringe benefits;

    g)    Front pay;

    h)    Any other compensatory damages, including emotional distress, allowable at law;

    i)    Punitive damages;

    j)    Prejudgment interest on all monetary recovery obtained.

    k)    All costs and attorney's fees incurred in prosecuting these claims; and

    l)    For such further relief as this Court deems just and equitable.

### COUNT III – FCRA VIOLATION
### (RACE DISCRIMINATION)

46. Plaintiff realleges and readopts the allegations of paragraphs 1 through 32 of this Complaint, as though fully set forth herein.

47. Plaintiff is a member of a protected class under the FCRA.

48. Plaintiff was subjected to disparate treatment on the basis of his race, including shorting Plaintiff's staff, making African-American employees work weekends and at stores deemed to be too unsafe for white employees, and giving Plaintiff a "letter of expectations" only two weeks after first reporting the discrimination and by terminating him only two months after his reports of discrimination.

49. Defendant knew or should have known of the disparate treatment suffered by Plaintiff, and failed to intervene or to take prompt and effective remedial action in response.

50. Defendant's actions were willful and done with malice.

51. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) Compensation for lost wages, benefits, and other remuneration;

d) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

e) Any other compensatory damages, including emotional distress, allowable at law;

f) Punitive damages;

g) Prejudgment interest on all monetary recovery obtained.

h) All costs and attorney's fees incurred in prosecuting these claims; and

i) For such further relief as this Court deems just and equitable.

## COUNT IV – FCRA RETALIATION

52. Plaintiff realleges and readopts the allegations of paragraphs 1 through 32 of this Complaint, as though fully set forth herein.

53. Plaintiff is a member of a protected class under the FCRA.

54. Plaintiff engaged in protected activity under the FCRA by reporting the racial discrimination multiple times to supervisors and Defendant's Human Resources.

55. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating his employment.

56. Defendant's actions were willful and done with malice.

57. By terminating his employment, Defendant took material adverse action against Plaintiff.

58. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

- m) A jury trial on all issues so triable;
- n) That process issue and that this Court take jurisdiction over the case;
- o) That this Court enter a declaratory judgment, stating that Defendant interfered with Plaintiff's rights under the FCRA;
- p) Compensation for lost wages, benefits, and other remuneration;
- q) Reinstatement of Plaintiff to a position comparable to his prior position, with back pay plus interest, pension rights, and all benefits;
- r) Front pay;
- s) Any other compensatory damages, including emotional distress, allowable at law;
- t) Punitive damages;
- u) Prejudgment interest on all monetary recovery obtained.
- v) All costs and attorney's fees incurred in prosecuting these claims; and
- w) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 16th day of December, 2020.

        Respectfully submitted,

        */s/ Brandon J. Hill*
        **BRANDON J. HILL**
        Florida Bar Number: 0037061
        Direct Dial: 813-337-7992
        **AMANDA E. HEYSTEK**
        Florida Bar Number: 0285020
        Direct Dial: 813-379-2560
        **WENZEL FENTON CABASSA, P.A.**
        1110 N. Florida Avenue, Suite 300
        Tampa, Florida 33602
        Main Number: 813-224-0431
        Facsimile: 813-229-8712
        Email: bhill@wfclaw.com
        Email: aheystek@wfclaw.com
        Email: aketelsen@wfclaw.com
        **Attorneys for Plaintiff**